## No. 11,424.

HALE, ET AL. v. O'CONNELL.

Decided May 3, 1926. Rehearing denied May 24, 1926.

Action on promissory notes. Judgment for plaintiff.

### Affirmed.

1. BILLS AND NOTES—*Pledge—Interest of Pledgee.* Where a promissory note, to which a defense exists against the payee, is held in pledge, the pledgee's recovery is limited to his interest in the pledge.

2. APPEAL AND ERROR—*Abstract.* The rule announced in McWilliams v. Patton, 70 Colo. 475, that the Supreme Court will consider only those matters set out in the abstract, is applied only against the party alleging error.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Mr. WILKIE HAM, Mr. BYRON G. ROGERS, for plaintiffs in error.

Mr. A. C. JOHNSON, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon five promissory notes. Judgment for plaintiff and defendant brings error.

The five notes in question, with interest, amounted to $3,546.10. They were secured by a deed of trust. Plaintiff sues for a deficiency judgment, as a holder in due course. He alleged that the property covered by the deed of trust was sold by the public trustee for $2,500. The deficiency sued for amounts to $1,046.10. The judg-

ment is for this amount, plus interest and an attorney's fee.

In the briefs, both sides treat the plaintiff below as a pledgee. It is admitted that the five notes sued upon had been assigned to plaintiff by the payee as collateral security for a note for $5,000 given by payee (named in the five notes) to plaintiff. The plaintiff is error, defendant below, who was the maker of the five notes sued upon, claims to have a defense which is good as against the payee, and contends that the defense is good also as against the plaintiff, a pledgee, because the $5,000 note had been paid, and that, therefore, plaintiff had no further interest in the pledge. The plaintiff in error invokes the rule, citing *Cold Glen M. M. & T. Co. v. Dennis,* 21 Colo. App. 284, 121 Pac. 677, that where a defense exists against the payee, the pledgee's recovery is limited to his interest in the pledge.

It is admitted that the $5,000 note had been reduced to $4,000, by reason of payments thereon. Plaintiff below obtained $1,500 from other security pledged. That would reduce his interest in the pledge to $2,500. The foreclosure of the deed of trust, above mentioned, brought him $2,500, but he was put to the expense of $200 in connection therewith. The plaintiff in error contends, in view of the figures above given, that plaintiff's interest in the pledge did not exceed $200.

The defendant in error answers that the transcript shows that he, plaintiff below, "had to pay $1,600 to the party in Rocky Ford." The context of the record where this testimony appears indicates that plaintiff paid $1,600 to satisfy a first mortgage or lien upon the property covered by the deed of trust hereinbefore mentioned. In reality, therefore, plaintiff realized from the deed of trust, not $2,300, but $700, which is the difference between $2,300 and $1,600. This calculation leaves plaintiff's interest in the pledge $1,800, which is greater than the amount of the judgment in this case,

Plaintiff in error replies that the $1,600 item, the amount paid by plaintiff to satisfy a prior lien, should not be considered by us because it does not appear in his abstract of the record. It is true we said in *McWilliams v. Patton*, 70 Colo. 475, 202 Pac. 710, that "we will consider only those matters set out in the abstract," but that rule is applied only against the party alleging error.

The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.